9966

STATE v. HOPKINS.

(96 S. E. 128.)

1. HOMICIDE—VIOLATION OF LAW—CARRYING PISTOL.—That defendant, charged with murder or manslaughter, may have been guilty of violating the law by carrying concealed about his person a pistol, which in the hands of another was accidentally discharged and killed deceased, could not be considered by the jury in determining defendant's guilt.

2. HOMICIDE—CRIMINAL CARELESSNESS—QUESTION FOR JURY.—In a prosecution for murder or manslaughter, whether defendant was criminally careless in failing to ascertain whether his pistol was loaded before handing it over for examination to another, in whose hands it was discharged, killing deceased, *held* for the jury under the evidence.

Before BOWMAN, J., Calhoun, Spring term, 1917. Reversed.

Statement:

The appellant with another were put on trial under an indictment charging them with murder.

The issues were much simplified by the Solicitor requesting only a verdict of manslaughter.

The case was tried before Judge Bowman, with a jury, at St. Matthews, Calhoun county, South Carolina, at the May, 1918, term of the General Sessions.

After taking the testimony, hearing argument and a charge upon the law by the Court the jury rendered a verdict of not guilty as to Doolin Jones, who shot the deceased, and guilty of involuntary manslaughter as to the appellant, Thomas Hopkins, who merely owned the pistol and happened to be present. Judge Bowman thereupon sentenced Hopkins to imprisonment for two years, and he appeals.

*Messrs. John G. Stabler, Wolfe & Berry,* for appellant, submit: *It is well settled that if a person kills another in the careless handling of a weapon he is guilty of manslaughter. If the carelessness is gross in degree it is murder:* 66 S. C. 419; 86 S. C. 211; 86 S. C. 213; 87 S. C. 516; 87 S. C. 543; 101 S. C. 303; 101 S. C. 111. *There can be no accessories before the fact in manslaughter:* 18 S. C. 176. *As to the carrying of the pistol by Hopkins being only the remote cause:* 21 A. & E. Encyc. L. (2d Ed.) 195; 2 Colo. L. Rep. 78; 2 F. & F. B. 67; 11 Cos. C. C. 544; 21 Cyc. 761; Bell C. C. 1.

*Solicitor E. C. Mann,* for State-respondent. (Oral argument.)

May 2, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant, Thomas Hopkins, and his codefendant, Doolin Jones, were indicted for murder. The jury rendered a verdict of not guilty as to Doolin Jones, and guilty of involuntary manslaughter as to the appellant, Thomas Hopkins, who was sentenced to a term of imprisonment for two years.

There was testimony tending to show that the appellant went to the home of Doolin Jones, and while there exhibited a pistol of the large magazine type, which had recently come into his possession; that Doolin Jones requested Thomas Hopkins to let him see the pistol; that the pistol had been concealed about the person of Hopkins; that before Hopkins handed it to him he removed the magazine, which holds the cartridges, but he failed to remove the cartridge that was in his barrel; that neither Hopkins nor Jones was aware of this fact; that neither of them was familiar with the workings of the pistol; that while Jones was examining

the pistol it went off accidentally and killed Le Roy Jenkins, a small boy who was a close kinsman of Jones.

The first ground of appeal is thus stated in the following exception:

"Because his Honor erred in charging the jury:

" 'Mr. Mann: I would ask your Honor to charge that the unlawful carrying of a pistol would in itself be an unlawful act.

" 'The Court: The unlawful carrying of a pistol is the carrying concealed about the person of a pistol, less than a certain size—what is it?

" 'Mr. Mann: Less than twenty inches in length and weighing less than 3 pounds.

" 'Foreman: We are not to pass on the fact of his carrying concealed weapon.

" 'The Court: The defendants are not charged with that, but the Solicitor asks me to charge that if a person does a certain thing, that it is an unlawful act, and I charge you that. I have charged you also, and I charge you, that if a man is doing an unlawful act and he kills some one, then that is manslaughter'—the vice in this portion of the charge being that the jury were thereby erroneously instructed that the mere carrying a weapon concealed or of unlawful size would constitute such an unlawful act as is contemplated, when we speak of this class of homicides, as being the accidental result of an unlawful or negligent act, and especially harmful and prejudicial in this case because the pistol was not in the hand or control of the appellant when fired."

The fact that the appellant may have been guilty of violating the law, by carrying the pistol concealed about his person, could not be considered by the jury in determining whether he was guilty under the indictment charging him with murder or manslaughter. This exception is, therefore, sustained.

The appellant also assigns error on the part of his Honor, the presiding Judge, in refusing his motion for the direction

of a verdict on the ground that there was no testimony to sustain the allegation of the indictment. There was testimony tending to show that there was negligence on the part of the appellant in failing to exercise due care, in ascertaining whether the pistol was loaded, when he handed it to Doolin Jones. The question as to the sufficiency of such testimony to establish criminal carelessness was for the jury.

Reversed.